IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eddie Short,                                    Case No. 1:07 CV 2989

        Petitioner,                      MEMORANDUM OPINION
                                            AND ORDER
       -vs-
                                             JUDGE JACK ZOUHARY
Margaret Bradshaw,

        Respondent.

## BACKGROUND

This matter is before the Court on Petitioner's Objection (Doc. No. 22) to the Magistrate Judge's Report and Recommendation (Doc. No. 19). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208, 1213 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* review of the Objection to the Magistrate's findings. For the following reasons, the Court finds the Objection not well taken.

## DISCUSSION

**Facts and Procedural Background**

This Court adopts the Magistrate's statement of the underlying facts (Doc. No. 19, pp. 2-3).

Petitioner was found guilty of drug possession, second-degree drug trafficking, second-degree drug trafficking with a schoolyard specification, and first-degree drug trafficking with a major drug offender specification. He was sentenced to a seven-year prison term for the drug possession conviction, seven-year prison terms for each of the second-degree drug trafficking convictions, and

a mandatory ten-year prison term for the first-degree drug trafficking conviction. These sentences were ordered to be served concurrently. Petitioner was also sentenced to an enhanced two-year prison term for the major drug offender specification to be served consecutively to the ten-year prison term, for a total sentence of twelve years.

Petitioner filed a timely notice of appeal in the state appellate court. The appellate court affirmed Petitioner's conviction in part and vacated the conviction in part. Specifically, the appellate court sustained Petitioner's argument that his two-year enhanced sentence for the major drug offender specification was contrary to *Blakely v. Washington*, 542 U.S. 296 (2004) and vacated that two-year portion of his sentence. However, the state appellate court did not find Petitioner's classification as a major drug offender unconstitutional and affirmed his mandatory ten-year sentence on that count.

The State and Petitioner filed cross-appeals with the Ohio Supreme Court which accepted the State's appeal regarding the constitutionality, under *Blakely*, of imposing a sentencing enhancement beyond the mandatory sentence when an offender is found guilty of a major drug offender specification. The Court affirmed the judgment of the state appellate court on the authority of *State v. Foster*, 109 Ohio St. 3d 1, 21 (2006) ("[T]he Ohio Revised Code provides that consecutive sentences in Ohio may not be imposed except after additional factfinding by the judge."). The Court denied Petitioner's motion for reconsideration.

Petitioner also filed an application for reopening his appeal in December 2005 on the grounds of deficient legal representation. The state appellate court denied his application.

**Petition for Habeas Corpus**

In his Petition for Habeas Corpus (Doc. No. 1, p. 5), Petitioner alleges he "was denied his rights to due process and a fair trial, guaranteed by the Fifth, Sixth, and Fourteenth Amendments to

2

the United States Constitution, when there was insufficient evidence to support his conviction for first-degree drug trafficking and the trial court adjudicated him a Major Drug Offender."[1] Specifically, Petitioner argues the state appellate court unreasonably applied due process principles by concluding Petitioner's conviction classifying him as a major drug offender, resulting in a mandatory ten-year sentence, was based on constitutionally sufficient evidence.

The Magistrate recommended denial of the Petition. The Magistrate determined Petitioner had not demonstrated "contrary evidence or case law that would persuade [her] that the state court made an unreasonable determination of the facts in light of the evidence presented in the state court proceeding" (Doc. No. 19, p. 11). However, the Magistrate agreed with Petitioner that the amount of crack cocaine recovered from purchases originating with the Petitioner did not reach the level necessary to characterize Petitioner as a major drug offender.

Petitioner now objects to the Magistrate's denial of his Petition (Doc. No. 22). Petitioner primarily focuses on the Magistrate's statement that the level of drugs in Petitioner's possession did not rise to the level of drugs required to characterize him as a major drug offender, and thus argues his ten-year mandatory sentence for first-degree trafficking with the major drug offender specification is unconstitutional because it was entered upon insufficient evidence in violation of *Jackson v. Virginia*, 443 U.S. 307 (1979).

---

[1] Petitioner also initially alleged he was denied the effective assistance of appellate counsel when counsel failed to assign as error the trial court's imposition of maximum and non-minimum prison sentences in violation of *Blakely*. However, Petitioner abandoned this ground for relief in his Traverse (Doc. No. 16, p. 8).

**Evidence Supports the Conviction**

In determining whether sufficient evidence was presented at trial to support a conviction, a court must establish "whether, after viewing the evidence in the light most favorable to the prosecution, **any** rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson*, 443 U.S. at 319 (emphasis in original); *see also United States v. Strong*, 702 F.2d 97, 99-100 (6th Cir. 1983) ("On appeal from a criminal conviction, the standard of review is whether the relevant evidence could be accepted by a reasonably minded jury as adequate and sufficient to support the conclusion of guilt beyond a reasonable doubt."). In other words, the reviewing court is not tasked with determining whether **it** believes the evidence at trial established guilt beyond a reasonable doubt, but whether **any** adjudicator could **reasonably**[2] make such a finding. *Jackson*, 443 U.S. at 319.

To sustain a charge of drug trafficking, the alleged trafficker need not actually have the controlled substance on his person. In overruling Petitioner's argument on appeal that his convictions were against the manifest weight of the evidence, the state appellate court relied on *State v. Scott*, 69 Ohio St. 2d 439 (1982), which holds "[a] person can 'offer to sell a controlled substance' in violation of R.C. 2925.03(A)(1) without transferring a controlled substance to the buyer." *Id.* at syllabus. Thus, trafficking criminalizes the mere offer to sell a controlled substance.

---

[2] This determination is further guided by the requirement of 28 U.S.C. § 2254(d), in that the adjudication must have "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" in order for a writ of habeas corpus to be appropriate.

4

The fact that Petitioner initially agreed to procure over 100 grams of crack cocaine is sufficient to qualify him for the major drug offender specification for his trafficking charge under R.C. § 2925.03(C)(4)(g).[3]

Evidence was presented at trial that Petitioner used a coded paging system to distribute crack cocaine. Prior to the January 30, 2003 drug buy, the police informant paged Petitioner with a request for $5,000 of crack cocaine, or approximately 141.75 grams. (Petitioner was selling crack cocaine for $1,000 an ounce. $5,000 of crack cocaine equals five ounces, which is the equivalent of 141.747 grams.) Petitioner "was recorded saying that getting five ounces [of crack cocaine] would not be a problem" (Doc. No. 6, Ex. 10, p. 9). The fact that Petitioner did not procure the full amount of crack cocaine requested is not determinative of his qualification as a major drug offender under the statute. In other words, actual possession is not the defining factor in this charge.

Thus, a rational trier of fact could have found, beyond a reasonable doubt, the essential elements of Petitioner's drug trafficking charge with a major drug offender specification, satisfying *Jackson*'s requirement.

Petitioner claims the Magistrate's erroneous conclusion in her Report and Recommendation (namely, that Petitioner does not meet the qualifications for a major drug offender), requires the Court to grant his habeas petition. Not so. The Court does not adopt this conclusion of the Report and Recommendation because, as previously stated, Petitioner need not have possessed 100 grams or more of crack cocaine in order to qualify for the major drug offender specification where he was caught on

---

[3] R.C. § 2925.03(C)(4)(g) states: "If the amount of the drug involved equals or exceeds one thousand grams of cocaine that is not crack cocaine or **equals or exceeds one hundred grams of crack cocaine** and regardless of whether the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in cocaine is a felony of the first degree, **the offender is a major drug offender**, and the court shall impose as a mandatory prison term the maximum prison term prescribed for a felony of the first degree" (emphasis added).

tape saying he **could** obtain five ounces of crack cocaine. That Petitioner was involved in a **potential** transaction of five ounces of crack cocaine is sufficient for a rational trier of fact to find Petitioner guilty of first-degree drug trafficking with the major drug offender specification. Therefore, his conviction stands.

## CONCLUSION

After conducting a *de novo* review of the portions of the Report and Recommendation objected to by Petitioner, the Magistrate's Report and Recommendation is adopted except as noted above. The Petition (Doc. No. 1) is dismissed.

Pursuant to 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal from this action could not be taken in good faith and that there is no basis on which to issue a certificate of appealability.

IT IS SO ORDERED.

    s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

November 25, 2008