IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Eddie Short,                        Case No. 1:07 CV 2989

         Petitioner,            MEMORANDUM OPINION
                                    AND ORDER

-vs-

                                         JUDGE JACK ZOUHARY

Margaret Bradshaw, Warden,

         Respondent.

Petitioner is a state prison inmate proceeding *pro se* with a Petition for a Writ of Habeas Corpus (Doc. No. 1) under 28 U.S.C. § 2254. On November 25, 2008, this Court dismissed the Petition and entered judgment (Doc. No. 23). Petitioner filed a timely notice of appeal to the Sixth Circuit on December 24, 2008 (Doc. No. 25). On January 23, 2009, Petitioner filed a Motion for Relief from Judgment (Doc. No. 27) under Federal Civil Rule 60(b), asking this Court to reconsider its earlier dismissal.

The pendency of the appeal to the Sixth Circuit deprives this Court of jurisdiction over Petitioner's Motion. *Post v. Bradshaw*, 422 F.3d 419, 421 (6th Cir. 2005); *Lewis v. Alexander*, 987 F.2d 392, 394-95 (6th Cir. 1993). Filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its jurisdiction over all matters, except those in aid of or ancillary to the appeal. *Lewis*, 987 F.2d at 394-95. Therefore, this Court lacks jurisdiction to act on Petitioner's Motion.

Although at this time the Court lacks jurisdiction to rule on Petitioner's Rule 60(b) Motion, the Sixth Circuit permits district court review of such motions during the pendency of an appeal "for the limited purpose of determining whether the court would be inclined to grant the motion." *Akemon v. Brunsman*, No. C-1-06-166, 2008 WL 1766707, *2 (S.D. Ohio Apr. 17, 2008). To seek Rule 60(b) relief during the pendency of an appeal, the "proper procedure is for [appellant] to file his motion in the district court. If that court indicates that it will grant the motion, the appellant should then make a motion in [the] court [of appeals] for a remand of the case in order that the district court may grant the motion." *Post*, 422 F.3d at 422.

Conducting a limited inquiry to indicate whether it would be inclined to grant the Motion, pursuant to *Post*, this Court finds it would not grant Petitioner's Rule 60(b) Motion. Federal Civil Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial . . . ;
> (3) fraud . . . , misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

None of these reasons listed by Rule 60(b) are advanced by Petitioner as support for his Motion. Rather, he asks this Court to revisit its previous ruling. A motion to reconsider is not a vehicle permitting the unsuccessful party to rehash arguments previously presented. *See Gonzalez v. Crosby*, 545 U.S. 524, 532 (2005) (Rule 60(b) motion to be construed as successive habeas petition where motion attacks the same court's previous resolution of a claim on the merits).

2

For all of the above reasons, the Court finds it lacks jurisdiction to rule on Petitioner's Rule 60(b) Motion (Doc. No. 27), and further finds no proper basis to grant the Motion. Therefore, the Motion is denied.

IT IS SO ORDERED.

                                                      s/ *Jack Zouhary*
                                                      JACK ZOUHARY
                                                      U. S. DISTRICT JUDGE

                                                      February 3, 2009